**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DONTRELL PITTMAN,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-01064** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Sharp** |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION</u>**

Movant Dontrell Pittman, a federal prisoner presently housed at USP McCreary in Pine Knot, Kentucky, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by this Court on September 25, 2012 (Crim. Case. No. 3:11-cr-0012, ECF No. 1260) (Wiseman, J, Retired). For the reasons set forth herein, the Court finds that an evidentiary hearing is not required and that the record establishes the movant is not entitled to relief.

**I.       Procedural Background**

In December 2010, a criminal complaint was filed against Dontrell Pittman and numerous co-defendants, and an arrest warrant was issued. The grand jury handed down an indictment on January 12, 2011, charging Pittman with conspiracy to distribute and possess with intent to distribute controlled substances, including 500 grams or more of cocaine and 280 grams or more of crack cocaine (Count 1), and with possession with intent to distribute 28 grams or more of crack cocaine (Count 2).

On August 27, 2012, the United States filed an Information Establishing Prior Felony Drug Convictions, in accordance with the procedure set forth in 21 U.S.C. § 851. Attached to the motion are copies of two 2008 judgments reflecting two separate felony drug convictions. Based on these prior convictions, Pittman would, if convicted, be classified under the United States Sentencing Guidelines as a "career offender." U.S.S.G. § 4B1.1(a) (2011). As a career offender, he would automatically be placed in Criminal History Category VI under the guidelines. U.S.S.G. § 4B1.1(b)

On September 24, 2012, Pittman entered a petition to enter a plea of guilty to Count 2 of the indictment, in exchange for which the United States agreed to dismiss Count 1. The plea was subject to a

binding plea agreement with the United States that incorporated an agreed sentence of 262 months' incarceration and an eight-year term of supervised release. The Court accepted the plea and sentenced Pittman consistently with the terms of the plea agreement. The agreed sentence was derived from an advisory guideline range of 262–327 months, which was based on an offense level of 34 and Criminal History Category VI. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). In the plea agreement, Pittman specifically acknowledged "that his previous criminal history, which includes felony drug trafficking convictions as reflected in the enhanced information filed against him and the judgments attached to that information . . . qualifies him as a career offender as defined by the U.S. Sentencing Guidelines." (Plea Agreement at 11 ¶ 9.)

Also pursuant to the Plea Agreement, Pittman specifically waived his right to pursue a direct appeal of or collateral attack on the sentence. The waiver did not apply to claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. (*Id.* at 13–14 ¶ 18.)

Pittman did not pursue a direct appeal. Consequently, the judgment, entered on September 25, 2012, became final fourteen days later, on October 9, 2012.

Pittman filed a *pro se* Motion for Extension of Time to File Pro Se Motion Pursuit [*sic*] to U.S.C. § 2255 Relief to Vacate, Dismiss or Set Aside (Crim. Case No. 3:11-cr-0012, ECF No. 1875). Although the motion was not docketed in this Court until October 15, 2013, it apparently was submitted to prison authorities for mailing on or about September 18, 2013.[1] Pursuant to the prison mailbox rule,[2] the motion should have been deemed to have been filed on September 18, 2013, prior to the expiration of the deadline for filing a § 2255 motion. Unfortunately, the Court overlooked the date on which the motion was mailed and denied it as untimely on April 3, 2014.

Shortly after entry of that order, Pittman filed the present motion, seeking resentencing "without career offender status." (ECF No. 1, at 14.) He filed an amendment or supplement to his motion on or about June 20, 2014. (ECF No. 6.)

---

[1] The movant's signature is dated September 16, 2013, but the signature of the notary before whom the motion was sworn is dated September 18, 2013.

[2] Under this rule, a *pro se* prisoner's pleading or filing is generally considered to be "filed" the day it is handed to prison officials for submission to the court. *See Laird v. Norton Healthcare, Inc.*, 442 F. App'x 194, 199 n.3 (6th Cir. 2011) (noting that the Sixth Circuit has generally applied the prison mailbox rule in *pro se* prisoner cases).

**II.     The Current Motion**

Pittman asserts that his sentence is unlawful and in violation of the Constitution and laws of the United States because:

(1) under *Moncrieffe v. Holder*, 569 U.S. ----, 133 S. Ct. 1678 (2013), the offense of possession with intent to distribute a small amount of cocaine would not qualify as a predicate felony under the Controlled Substances Act; and

(2) under *Descamps v. United States*, 570 U.S. ----, 133 S. Ct. 2276 (2013), the Court erred in enhancing Pittman's sentence based on his prior state offenses.

Pittman also appears to be arguing, implicitly, that the statute of limitations for filing this § 2255 motion should run from April 23, 2013, the day that *Moncrieffe* was decided, and thus that his motion is not barred by the statute of limitations.

Shortly after the motion was filed, the Court conducted a preliminary examination thereof and determined that it stated a colorable claim for relief. The Court entered an order directing the United States to answer, plead or otherwise respond to the petition. Rule 5, Rules Gov'g § 2255 Proceedings. The Untied States has now filed its response, arguing both that the motion is untimely and that the movant is not entitled to relief on the merits.

**III.     Standard of Review**

Federal prisoners must file any motion to vacate within one year of the date on which: (1) the judgment of conviction becomes final; (2) a governmental impediment to making the motion is removed; (3) a right was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)–(4).

To prevail upon a (timely) motion for habeas relief under 28 U.S.C. § 2255, prisoners must allege that: (1) their conviction resulted from an error of constitutional magnitude; (2) their sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *see also Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Prisoners must sustain their allegations by a preponderance of the evidence.

IV.    **Discussion**

    A.    **Timeliness**

The Court now finds that the order denying the movant's motion for an extension of the deadline for filing a § 2255 motion was improvidently issued, in that it appears the motion requesting an extension of the deadline was in fact filed prior to the expiration of that deadline. The Court will equitably toll the filing deadline to permit consideration of the present motion on its merits.

    B.    **Waiver**

It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citation omitted). The Sixth Circuit has specifically held that the waiver of the right to bring a collateral challenge to a sentence under § 2255 is valid where the waiver is entered "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A valid waiver bars a defendant from bringing "any type of claim not excluded by the agreement." *United States v. Brice*, 373 F. App'x 561, 562 (6th Cir. 2010) (citing *Davila*, 258 F.3d at 451).

The plea agreement in the underlying criminal proceedings incorporated a waiver of the movant's ability to bring a collateral challenge to his sentence under 28 U.S.C. § 2255 or § 2241 or 18 U.S.C. § 3582(c). The only exceptions to the waiver are for claims of "involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (Plea Agreement at 13–14 ¶ 18.) Pittman's motion is not premised on involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Accordingly, Pittman is precluded by the language of his plea agreement from contesting his sentence under § 2255. On this basis alone, the motion must be denied.

    C.    **Merits**

Even if the motion is considered on the merits, Pittman is not entitled to relief. Pittman did not at any time during the course of the criminal proceedings against him and does not now dispute the fact that his two prior felony convictions qualify as "controlled substance offenses" as defined by U.S.S.G. § 4B1.2(b), for purposes of § 4B1.1(a). Instead, he argues that, by some analogy to the circumstances in *Moncrieffe* and *Descamps*, his prior drug convictions were not sufficiently serious to warrant

enhancement of his federal sentence.

*Moncrieffe* concerned the interplay between the Immigration and Nationality Act ("INA") and the Controlled Substances Act ("CSA"). Under the INA, a non-citizen is deportable if he is convicted of an "aggravated felony." That term is defined under the INA to include "illicit trafficking in a controlled substance" and includes the conviction of an offense that the CSA makes punishable as a felony, that is, an offense punishable under *federal* law by more than one year's imprisonment. *Moncrieffe*, 133 S. Ct. at 1683 (citations omitted). The petitioner in *Moncrieffe* had previously pleaded guilty to a state-law marijuana charge that the Supreme Court found did not qualify as an aggravated felony under the INA because the state charge would not have been punishable as a felony under federal law.

*Moncrieffe* has absolutely no relevance here. Pittman was defined as a career criminal under § 4B1.1 of the sentencing guidelines. That provision states in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or *a controlled substance offense*; and (3) the defendant has *at least two prior felony convictions* of either a crime of violence *or a controlled substance offense.*

U.S.S.G. § 4B1.1(a) (2011) (emphasis added). Here, Pittman does not dispute that he was over age eighteen at the time he committed the federal offense of conviction, that the instant offense involved a controlled substance, or that he has two prior felony controlled-substances convictions, as the operable terms are defined by U.S.S.G. § 4B1.2(b). The sentencing guidelines do not include a requirement that the underlying convictions qualify as felonies under federal law. Instead, the only requirements are that the offenses involve the manufacture, export, import, distribution or dispensing of a controlled substance, or possession of a controlled substance with intent to manufacture, export, import, distribute or dispense, and that the crimes be punishable under federal *or* state law by a prison term in excess of one year. *Id.* Both the offenses at issue here involved violations of a state statute, Tenn. Code Ann. § 39-17-417(c), prohibiting the manufacture, delivery, or sale of controlled substances or the possession of controlled substances with intent to manufacture, deliver, or sell. Moreover, they were Class B felonies which are clearly punishable under Tennessee law by a term of prison greater than one year, Tenn. Code Ann. § 40-35-11(b)(2), regardless of what punishment was actually meted out. *Moncrieffe* does not provide relief in this case.

Pittman similarly argues that *Descamps* dictates that he should not have been sentenced as a career offender. *Descamps*, however, involved the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Pittman was not sentenced under the ACCA, and *Descamps* has no application in his case.

IV.    **CONCLUSION**

For the reasons set forth herein, the Court finds that Pittman is not entitled to relief. His motion will be therefore be denied.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2225 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). For the reasons set forth herein, the Court finds that Pittman has not made a substantial showing of the denial of a constitutional right and that his claims do not merit further review. Consequently, a COA will not issue.

An appropriate order is filed herewith.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE